# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 9, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KENNETH D. BOWLES,**
**Claimant Below, Petitioner**

**vs.)   No. 14-1066** (BOR Appeal No. 2049391)
                        (Claim No. 2011017628)

**THE NEW WEST VIRGINIA MINING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kenneth D. Bowles, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The New West Virginia Mining Company, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 22, 2014, in which the Board affirmed an April 17, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 21, 2013, decision denying Mr. Bowles's application for permanent total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bowles worked as a coal miner for the New West Virginia Mining Company. Throughout the course of his career, he suffered multiple injuries including to his neck, right hand, shoulder, and lower back. Mr. Bowles was also exposed to the hazards of inhaling minute particles of coal dust, and he was granted a 25% permanent partial disability award related to occupational pneumoconiosis. Mr. Bowles also received a 3% award for his lower back, a 3% award for burns, a 4% award for his right hand, and an additional 9% award for a second lower back injury.

1

On November 9, 2010, Mr. Bowles suffered injuries to his right shoulder and neck. He was diagnosed with a neck sprain that aggravated pre-existing osteoarthritis and a sprain of his right shoulder rotator cuff. Yogesh Chand, M.D., evaluated Mr. Bowles after his right shoulder and neck injury. Dr. Chand found that Mr. Bowles had 8% impairment for his cervical condition under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and Cervical Category II of West Virginia Code of State Rules § 85-20-E (2006). Dr. Chand also found that Mr. Bowles had 6% impairment for his right shoulder. The claims administrator held Mr. Bowles's claim compensable and granted him a 14% permanent partial disability award for his cervical and right shoulder conditions based on Dr. Chand's evaluation.

Following this award, Mr. Bowles applied for permanent total disability benefits. Mr. Bowles alleged that he had received a sum of 58% in prior permanent partial disability awards. Mr. Bowles was then evaluated by Prasadarao B. Mukkamala, M.D., who found that he did not have 50% whole person impairment related to his occupational injuries. Dr. Mukkamala found that Mr. Bowles had no impairment related to the burns of his face, neck, and hands. He found 5% impairment related to Mr. Bowles's right hand injury and 4% impairment related to his right shoulder. Dr. Mukkamala also performed range of motion testing on Mr. Bowles's lower back and found that he had 11% impairment under the American Medical Association's *Guides*. Dr. Mukkamala then adjusted this rating to 8% to fit within Lumbar Category II of West Virginia Code of State Rules § 85-20-C (2006). He also found that Mr. Bowles had 10% impairment under the American Medical Association's *Guides* for loss of cervical spine range of motion. Dr. Mukkamala adjusted this rating to 8% impairment to fit within Cervical Category II of West Virginia Code of State Rules § 85-20-E. He also adopted the 25% impairment rating that served as the basis of Mr. Bowles's permanent partial disability award for occupational pneumoconiosis. Dr. Mukkamala combined these ratings under the Combined Values Chart of the American Medical Association's *Guides* and determined that Mr. Bowles had 42% whole person impairment related to his occupational injuries. Based on Dr. Mukkamala's evaluation, the Permanent Total Disability Review Board determined that Mr. Bowles did not have at least 50% whole person impairment related to his occupational injuries. The Review Board's findings differed from Dr. Mukkamala's in that it calculated that Mr. Bowles had 45% impairment instead of 42% impairment for all his injuries. The Review Board reached this determination by using the impairment ratings Dr. Mukkamala provided for Mr. Bowles's cervical and lumbar spine prior to the adjustment of these rating to fit within Lumbar and Cervical Category II of West Virginia Code of State Rules §§ 85-20-C and 85-20-E.

On February 21, 2013, the claims administrator rejected Mr. Bowles's application for permanent total disability benefits based on the Permanent Total Disability Board's findings. Following this denial, Bruce A. Guberman, M.D., evaluated Mr. Bowles and determined that he had at least 50% impairment related to his compensable injuries. Dr. Guberman found that Mr. Bowles had 3% impairment for his burn injury, 4% impairment for his hand injury, 7% impairment for his shoulder, 7% impairment for his thoracic spine, 13% impairment for his lumbar spine, and 9% impairment for his cervical spine. Dr. Guberman adjusted the ratings for Mr. Bowles's lumbar and cervical spine to fit within Lumbar and Cervical Category II of West Virginia Code of State Rules §§ 85-20-C and 85-20-E and found that he had 8% impairment for

2

each of these conditions. Combining these ratings with the 25% impairment Mr. Bowles suffered related to occupational pneumoconiosis, Dr. Guberman concluded that Mr. Bowles had 50% whole person impairment for all his occupational injuries. Dr. Guberman also found that Mr. Bowles had 53% impairment prior to adjusting his lumbar and cervical impairment rating to fit within West Virginia Code of State Rules §§ 85-20-C and 85-20-E. A. E. Landis, M.D., also evaluated Mr. Bowles and determined that he did not have at least 50% whole person impairment for all his occupational injuries. He found that Mr. Bowles had 5% impairment for his right shoulder, 3% impairment for his right hand, 3% impairment for his burn injury, 10% impairment for his lumbar spine, and 8% impairment for his cervical spine. Dr. Landis found that his lumbar spine impairment did not fit within the range provided under Lumbar Category II of West Virginia Code of State Rules § 85-20-C. He found that no adjustment had to be made to Mr. Bowles's cervical impairment to fit within Cervical Category II of West Virginia Code of State Rules § 85-20-E. He combined these ratings with Mr. Bowles's 25% impairment for occupational pneumoconiosis and concluded that he had 44% whole person impairment for his work-related injuries. Dr. Landis also criticized Dr. Guberman's evaluation because he included a percentage for Mr. Bowles's thoracic spine even though there was no evidence in the record that Mr. Bowles sustained a thoracic injury. On April 17, 2014, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on September 22, 2014, leading Mr. Bowles to appeal.

The Office of Judges concluded that Mr. Bowles did not meet the 50% whole person impairment threshold required under West Virginia Code § 23-4-6(n)(1) (2005) for further consideration of his application for permanent total disability benefits and that the claims administrator properly denied his application. In reaching this conclusion, the Office of Judges determined that Mr. Bowles had 48% whole person impairment for his occupational injuries. The Office of Judges based its finding, in part, on 11% lumbar and 10% cervical impairment ratings Dr. Mukkamala found based on Mr. Bowles's range of motion testing prior to adjusting these ratings to fit within West Virginia Code of State Rules §§ 85-20-C and 85-20-E. The Office of Judges noted that if it had adopted Dr. Mukkamala's adjusted ratings, Mr. Bowles's whole person impairment rating would have been even further reduced. The Office of Judges considered the impairment recommendation of Dr. Guberman, but it found that his opinion was not sufficiently corroborated by the remainder of the evidence in the record. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review. Mr. Bowles has not demonstrated that he has at least 50% whole person impairment related to all his occupational injuries such that he would be entitled to further consideration of his permanent total disability benefits application. The Office of Judges and the Permanent Total Disability Review Board calculated Mr. Bowles's whole person impairment without adjusting his lumbar and cervical impairment to fit within West Virginia Code of State Rules §§ 85-20-C and 85-20-E even though this adjustment is required under West Virginia Code of State Rules § 85-20-64.1 (2006). This error, however, was not prejudicial because a proper adjustment of the lumbar and cervical impairment rating used by the Office of Judges and the Permanent Total Disability Review Board would have resulted in an impairment rating that fell even farther below the 50% whole person impairment threshold. The evidence in the record shows that Mr. Bowles does not have 50%

whole person impairment related to all his occupational injuries. The evaluations of Dr. Mukkamala and Dr. Landis demonstrate that Mr. Bowles has less than 50% whole person impairment. Dr. Guberman was the only physician in the record who found that Mr. Bowles had at least 50% impairment. However, Dr. Guberman's recommendation cannot be relied upon because his findings were based, in part, on the inclusion of a percentage for Mr. Bowles's thoracic spine even though there is no evidence that Mr. Bowles suffered a thoracic injury. Dr. Guberman's inclusion of an impairment rating related to a non-compensable condition improperly inflated his overall whole person impairment recommendation and sufficiently undermines the credibility of his report to justify the Office of Judges' disregard for his opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 9, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman

4